IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

TIMOTHY WILSON                                                                              PLAINTIFF

             v.                   Civil No. 5:16-cv-05247

SHERIFF TIM HELDER;                                                                        DEFENDANTS
and DR. ROBERT KARAS

**OPINION**

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*. Currently before the Court is the motion to dismiss (Doc. 10) for failure to state a claim filed by Separate Defendant Sheriff Helder pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not responded to the motion to dismiss.

**I.     BACKGROUND**

The events that are the subject of this lawsuit occurred while Plaintiff was incarcerated in the Washington County Detention Center. In claim one, Plaintiff lists Sheriff Helder as a Defendant. Plaintiff then alleges he was denied his "religious preferences" in the following ways: "upon intake I was not asked my religious preference and the staff has refuse[d] to change my meals to a kosher diet and I was told I was to be contacted by a representative of the Jewish community and have not seen anybody." Claim two asserts a denial of medical care claim against Dr. Karas and is not at issue in this motion.

Plaintiff proceeds against Sheriff Helder in his individual capacity only. Plaintiff seeks to recover compensatory and punitive damages.

**II.    LEGAL STANDARD**

Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In

1

order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Braden v. Wal–Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (internal quotations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft,* 556 U.S. at 678. While the Court will liberally construe a *pro se* plaintiff's complaint, the plaintiff must allege sufficient facts to support his claims. *See Stone v. Harry,* 364 F.3d 912, 914 (8th Cir. 2004).

### III. DISCUSSION

Sheriff Helder maintains the complaint fails to allege any actionable wrongdoing and the claims against him should be dismissed. Section 1983 provides a federal cause of action for the deprivation, under color of law, of a citizen's "rights, privileges, or immunities secured by the Constitution and laws" of the United States. In order to state a claim under 42 U.S.C. § 1983, plaintiff must allege that defendant acted under color of state law and that he violated a right secured by the Constitution. *West v. Atkins*, 487 U.S. 42 (1988); *Dunham v. Wadley*, 195 F.3d 1007, 1009 (8th Cir.1999). The deprivation must be intentional; mere negligence will not suffice to state a claim for deprivation of a constitutional right under § 1983. *Daniels v. Williams*, 474 U.S. 327 (1986); *Davidson v. Cannon*, 474 U.S. 344 (1986).

A claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services*, 436 U.S. 654, 694 (1978). "[A] supervisor is not vicariously liable under 42 U.S.C. § 1983 for an employee's unconstitutional activity." *White v. Holmes*, 21 F.3d 277, 280 (8th Cir. 1994); *see also Whitson v. Stone County Jail*, 602 F.3d 920, 928 (8th Cir. 2010) ("In a § 1983 case, an official is only liable for his own misconduct and is not accountable for the misdeeds of his agents under a theory such as respondeat

2

superior or supervisor liability") (internal quotations omitted); *Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability").

"Liability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights. To establish personal liability of the supervisory defendant, [Plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his constitutional rights." *Clemmons v. Armontrout*, 477 F.3d 962, 967 (8th Cir. 2007) (*quoting Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006)); *Mark v. Nix*, 983 F.2d 138, 139-40 (8th Cir. 1993) (section 1983 liability requires some personal involvement or responsibility).

Here, Plaintiff has alleged no causal link between the actions of Sheriff Helder and the alleged deprivation of rights. Plaintiff does not allege that Sheriff Helder was present during his intake, was consulted regarding his diet, or was personally involved in arranging religious visits.

## IV. CONCLUSION

For these reasons, Separate Defendant Sheriff Helder's motion to dismiss (Doc. 10) is GRANTED, and all claims against him are DISMISSED WITH PREJUDICE.

IT IS SO ORDERED this 2nd day of May, 2017.

/s/ P.K. Holmes, III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE